J-S58040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE FUDGE | : | |
| | : | |
| Appellant | : | No. 738 MDA 2017 |

Appeal from the Order Entered March 1, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000317-2009

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED SEPTEMBER 25, 2017**

Appellant, Maurice Fudge, appeals *pro se* from the order entered in the Lycoming County Court of Common Pleas, which dismissed as untimely his second petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On August 18, 2009, a jury convicted Appellant of two counts each of robbery and conspiracy to commit robbery, and one count each of theft, receiving stolen property, simple assault, and terroristic threats. The court sentenced Appellant on October 20, 2009, to an aggregate term of 10 to 20 years' imprisonment. This Court affirmed the judgment of sentence on August 10, 2010, and our Supreme Court denied allowance of appeal on May 23, 2012. *See Commonwealth v. Fudge*, 11 A.3d 1019 (Pa.Super. 2010), *appeal denied*, 616 Pa. 626, 46 A.3d 715 (2012).

Appellant timely filed a *pro se* PCRA petition on August 9, 2012. The court appointed counsel, who filed a motion to withdraw and **Turner**/**Finley**[1] no-merit letter. On November 16, 2012, the court issued appropriate notice per Pa.R.Crim.P. 907. The court denied PCRA relief on December 11, 2012, and granted counsel's motion to withdraw. This Court affirmed the decision on September 3, 2013, and our Supreme Court denied allowance of appeal on February 26, 2014. **See Commonwealth v. Fudge**, 87 A.3d 370 (Pa.Super. 2013), *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014).

Appellant filed the current petition for collateral relief *pro se* on January 26, 2017, labeled a petition for writ of *habeas corpus*. The court treated the filing as a PCRA petition and issued Rule 907 notice. Appellant responded *pro se* on February 24, 2017. The court denied PCRA relief by order dated March 1, 2017, and entered on the docket on March 13, 2017. Appellant timely filed a *pro se* notice of appeal. No concise statement per Pa.R.A.P. 1925(b) was ordered or filed.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant claims the court imposed an illegal mandatory minimum sentence under 42 Pa.C.S.A. § 9714(a)(1) (sentences for second and subsequent offenses involving crimes of violence). Appellant's challenge is cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding collateral attack on legality of sentence must be raised in PCRA petition). Thus, the court properly treated Appellant's most recent filing as a PCRA petition. *See Peterkin, supra*. Nevertheless, Appellant's judgment of sentence became final on August 21, 2012, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current, *pro se* serial petition for

collateral relief on January 26, 2017, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). To the extent Appellant attempts to invoke the "new constitutional right" exception of Section 9545(b)(1)(iii), relying on ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and its progeny, those cases afford no relief. ***See Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in ***Alleyne*** is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences, where judgment of sentence became final before ***Alleyne*** was decided). Thus, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017